[No. 40155.    Department Two.    January 9, 1969.]

OLYMPIA BREWING COMPANY, *Appellant,* v. THURSTON
COUNTY *et al., Respondents.**

*O'Leary, Meyer & O'Leary, Ernest L. Meyer,* and *Stephen
J. Bean,* for appellant.

*Harold R. Koch, Herbert H. Fuller,* and *The Attorney
General, Timothy R. Malone* and *Henry W. Wager, Assist-
ants,* for respondents.

STAFFORD, J.†—This is an action to secure the refund of
1966 real property taxes paid under protest by the appel-
lant, Olympia Brewing Company.

Prior to May 31, 1965 the Thurston County assessor ap-
praised and determined the value of appellant's real prop-
erty located in Thurston County. The valuations were
placed on the county's assessment rolls and neither the
July, 1965 County Board of Equalization nor the State
Board of Equalization altered them.

In October, 1965 taxes were levied against all real prop-
erty in Thurston County based on the assessed valuation
shown on tax rolls. Subsequently, the county treasurer is-
sued a tax statement which appellant paid in full by Octo-
ber 31, 1966.

*Reported in 449 P.2d 684.

†Judge Stafford is serving as a judge pro tempore of the Supreme
Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

On April 21, 1966 the State Tax Commission (now Department of Revenue of the state of Washington) ordered the Thurston County Board of Equalization to reconvene the July, 1965 session "for the sole purpose of correcting any errors that may have been made in the valuation of real . . . property of the Olympia Brewing Company . . . ." Accordingly, the July, 1965 County Board of Equalization was reconvened and several hearings were held. As a result thereof, the true and fair value of both appellant's real property, and also its improvements thereon, were increased by an order entered on June 3, 1966. Appellant appealed the order to the State Tax Commission, which affirmed the action of the County Board of Equalization, with some modification, in an order issued on August 24, 1966.

Following the increase, the assessor revalued the assessed value of the properties in question. This resulted in a supplemental tax assessment of $55,894.52 which appellant paid under protest on October 28, 1966.

Thereafter appellant instituted an action in the Superior Court for Thurston County to recover the taxes so paid under protest. This suit was dismissed and the company appeals.

Appellant does not contest the *amount* of increase in the true and fair value of its real property and the improvements thereon. However, it is asserted that any action of a reconvened county board of equalization, taken in a later year, for the purpose of increasing the true and fair value is void because it lacks statutory authority. In essence, appellant submits that after an assessor has valued and assessed a piece of real property and the assessment process has been completed in any year, the process is *final*.

In so arguing, appellant maintains that RCW 84.48.010, which applies to county boards of equalization, and RCW 84.08.060, which empowers the State Tax Commission to reconvene county boards of equalization, must be construed in light of RCW 84.52.090 and RCW 84.56.400, which deny

to county boards of equalization the authority to change assessed valuations after the July meeting.

This court considered the same issue in *Boeing Co. v. King Cy., ante* p. 160, 449 P.2d 404 (1969). In that case, as in this, a property owner challenged the authority of the State Tax Commission to reconvene the July County Board of Equalization in a subsequent year. Although the *Boeing* case was concerned with personal property, it is not distinguishable on the law because the same statutes are involved and apply. (*i.e.* RCW 84.48.010 and RCW 84.08.060).

In *Boeing,* we held that the power of the State Tax Commission to reconvene the July County Board of Equalization is not limited by the fact that the action to reconvene is taken in a later year. County boards of equalization have only a limited power to reconvene *themselves*. However, we said at 166 of the opinion:

> But, *in addition* to the several times fixed by statute (*i.e.* RCW 84.52.090 and RCW 84.56.400), the State Tax Commission may order *any such board* to reconvene *at any time* after its adjournment for the purpose of performing *any duty* it might lawfully have performed at *any* of its previous regular July meetings. RCW 84.48.010; RCW 84.08.060; . . . .

In the instant case, as in *Boeing,* the procedure followed in reconvening the Thurston County Board of Equalization is within the scope of authority granted to the State Tax Commission, in its supervisory capacity, under RCW 84.48.010 and RCW 84.08.060. Therefore, the appellant's assignment of error is without merit.

Next, appellant argues that it is not constitutionally permissible for a county assessor to apply one assessment ratio to improved land and another to unimproved land. This subject will not be considered by the court. Appellant has failed to bring the matter before the court in the assignments of error. ROA 43 is explicit and reads in part as follows:

No alleged error of the superior court will be consid-

ered by this court unless the same be definitely pointed out in the "assignments of error" in appellant's brief.

The judgment of the trial court is affirmed.

FINLEY, C. J., HILL, HUNTER, and McGOVERN, JJ., concur.

March 3, 1969. Petition for rehearing denied.